IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CARL BROWN,

    Plaintiff,

vs.

    No. 04-2520-Ml/V

JOYCE ANDERSON, et al.,

    Defendants.

## ORDER ASSESSING APPELLATE FILING FEE

Plaintiff Carl Brown, Bureau of Prisons inmate registration number 11534-076, an inmate at the Federal Correctional Institution in Memphis, filed a pro se complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), on July 2, 2004, along with an in forma pauperis affidavit containing a certification by the trust fund officer at the prison. The Court issued an order on November 23, 2004 denying leave to proceed in forma pauperis and directing the plaintiff to remit the civil filing fee within thirty (30) days. Plaintiff paid the filing fee on December 9, 2004. The Court issued an order on December 28, 2004 dismissing the case pursuant to 42 U.S.C. § 1997e(a) and 28 U.S.C. § 1915A(b)(1), certifying that an appeal would not be taken in good faith, and assessing a "strike" pursuant to 28 U.S.C. § 1915(g). Judgment was entered on December 29, 2004. Plaintiff's appeal was dismissed by the Sixth Circuit for failure

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 12-19-05



to prosecute, based on his failure to pay the appellate filing fee. Brown v. Anderson, No. 05-5107 (6th Cir. Apr. 21, 2005). Subsequently, on May 11, 2005, the Court issued an order directing the plaintiff to submit the documents required by the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), or remit the $255 appellate filing fee. Plaintiff filed his documentation on June 3, 2005.

At the time the Court issued the May 11, 2005 order, which had been requested by the Sixth Circuit, the plaintiff's appeal had already been dismissed. This Court has no authority to reinstate the plaintiff's appeal. Moreover, the dismissal of the plaintiff's appeal does not alter the plaintiff's obligation to pay the appellate filing fee, which accrued when the notice of appeal was filed. McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997).

Under the PLRA, 28 U.S.C. § 1915(b), all prisoners bringing civil actions must pay the full $255 appellate filing fee. Prisoners are, however, entitled to take advantage of the installment payment provisions of 28 U.S.C. § 1915(b), upon submission of the appropriate documentation and the district court's determination that the inmate qualifies for installment payments.

In this case, the plaintiff has properly completed and submitted an in forma pauperis affidavit and a certified trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in

2

carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial appellate filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account, and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial appellate filing fee is paid in full.

It is further ORDERED that after the initial partial appellate filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 appellate filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account

since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the plaintiff's prison to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

IT IS SO ORDERED this  16  day of December, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 13 in case 2:04-CV-02520 was distributed by fax, mail, or direct printing on December 19, 2005 to the parties listed.

---

Carl Brown
11534-076
P.O. Box 34550
Memphis, TN 38184--055

Honorable Jon McCalla
US DISTRICT COURT