IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CARL BROWN, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 04-2520-Ml/V |
| JOYCE ANDERSON, et al., | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION FOR RECUSAL
AND
ORDER CONCERNING MOTION FOR RECONSIDERATION

Plaintiff Carl Brown, Bureau of Prisons inmate registration number 11534-076, an inmate at the Federal Correctional Institution in Memphis, filed a pro se complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), on July 2, 2004, along with an in forma pauperis affidavit containing a certification by the trust fund officer at the prison. The Court issued an order on November 23, 2004 denying leave to proceed in forma pauperis and directing the plaintiff to remit the civil filing fee within thirty (30) days. Plaintiff paid the filing fee on December 9, 2004. The Court issued an order on December 28, 2004 dismissing the case pursuant to 42 U.S.C. § 1997e(a) and 28 U.S.C. § 1915A(b)(1), certifying that an appeal would not be taken in good faith, and assessing a "strike" pursuant to 28 U.S.C. § 1915(g). Judgment was entered on December 29, 2004.

Plaintiff's appeal was dismissed by the Sixth Circuit for failure to prosecute, based on his failure to pay the appellate filing fee. Brown v. Anderson, No. 05-5107 (6th Cir. Apr. 21, 2005).

On June 3, 2005, plaintiff filed a motion seeking the recusal of this judge, asserting that the rulings in this case resulted from animosity that developed during the plaintiff's criminal prosecution, United States v. Brown, No. 98-20015-1-Ml (W.D. Tenn.). As a preliminary matter, the recusal motion is moot because this case is closed and the plaintiff's appeal has been dismissed.

Moreover, even if there were a legal basis for reopening this case, the motion states no basis for recusal. "The legal standard [for recusal] requires the facts to be such as would 'convince a reasonable man that a bias exists.'" United States v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983) (citing Berger v. United States, 255 U.S. 22, 33 (1921)). According to the Sixth Circuit:

> To warrant recusal under § 144, an affidavit must "allege[] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party." General Aviation, Inc. v. Cessna Aircraft Co., 915 F.2d 1038, 1043 (6th Cir. 1990). The alleged facts, moreover, must relate to "extrajudicial conduct rather than . . . judicial conduct." United States v. Story, 716 F.2d 1088, 1091 (6th Cir. 1983) (internal quotation marks omitted). In other words, the affidavit must allege facts showing "a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." Id. at 1090 (internal quotation marks omitted).

Ullmo ex rel. Ullmo v. Gilmour Academy, 273 F.3d 671, 681 (6th Cir. 2001) (citations omitted). The same principle is applicable to

2

recusal motions pursuant to 28 U.S.C. § 455(a). Liteky v. United States, 510 U.S. 540 (1994).

Nothing remarkable occurred during the course of the plaintiff's criminal case, and the fact that this judge presided over that case provides no basis for recusal. See id. at 556 (fact that judge tried previous criminal case to which one defendant was a party no basis for recusal). Moreover, the orders issued in this case were not influenced, directly or indirectly, by the previous criminal case. Accordingly, the Court DENIES the recusal motion.

The plaintiff filed a second motion on June 3, 2005, entitled "Motion for Reconsideration of Dismissal of Bivens Action by The Honorable Jon Phipps McCalla." Although that document bears a district court caption and was submitted to the Clerk of this Court, the motion, on its face, is directed to Chief Sixth Circuit Judge Danny J. Boggs. As the motion is not directed to this Court, the Clerk is ORDERED to remove it from the docket as a pending motion. The plaintiff is advised that, apart from a notice of appeal, documents filed in this Court are not forwarded to the Sixth Circuit and, therefore, this motion has not been transmitted to Chief Judge Boggs.

IT IS SO ORDERED this 9 day of January, 2006.

Jon P. McCalla
United States District Judge